RECEIVED
IN ALEXANDRIA, LA.

APR - 5 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LESTER HOPKINS (#411480) | DOCKET NO. 09-CV-1128; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CCA OF TENNESSEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT & RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of Plaintiff Lester Hopkins, filed pro se and in forma pauperis on July 1, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Allen Correctional Center (ACC) in Kinder, Louisiana. At the time of filing suit, he was incarcerated at Winn Correctional Center (WCC). Plaintiff complains of the conditions of his confinement at WCC, particularly exposure to second-hand tobacco smoke. Plaintiff named as defendants Warden Tim Wilkinson, CCA of Tennessee, Alfonzo Pacheco, Virgil Lucas, Nicole Scott Walker, Tim Morgan, Tommy Glover, Pat Thomas, Angie Martin, Carl Coleman, and Cheryl Wiley.

### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31

(1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was served with an Order of the Court directing Plaintiff to complete and return to the clerk of court the enclosed summons forms and USM 285 forms for each defendant for service of process. [Doc. #6] The deadline for returning the forms was January 13, 2010, and no documents have been provided by Plaintiff to date. Because Plaintiff has not responded to the Court's Order, and because the time for complying with the order has long expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

    Thus done and signed at Alexandria, Louisiana, this 5th day of April, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE